Ricky ABSTON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 24, 1988.

Permission to Appeal Denied by Supreme Court May 9, 1988.

Walsh, McWhirter & Wyatt, Thomas L. Brannon, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, J. Robert Carter, Asst. Dist. Atty., Memphis, for appellee.

OPINION

LLOYD TATUM, Special Judge.

This is an appeal by Ricky Abston from a judgment denying post-conviction relief without an evidentiary hearing. The trial judge held that the petition for post-conviction relief was barred by the Statute of Limitations (T.C.A. § 40-30-102) and that the petitioner knowingly and understandingly waived his rights to file this petition on the ground that the issues were not raised on a previous petition for post-conviction relief. We reverse and remand for trial.

The petition attacks two convictions for armed robbery, numbers 69449 and 69450. These convictions were affirmed by this Court on direct appeal. *State v. Ricky Abston*, Shelby County No. 135 (Tenn.Crim. App., October 9, 1980). The petitioner filed an application to the Supreme Court for permission to appeal which was denied on June 27, 1983. The instant petition was filed on August 14, 1986.

T.C.A. § 40-30-102 provides:

"**40-30-102. When prisoners may petition for post-conviction relief.**—A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred."

T.C.A. § 40-30-102 was enacted by Chapter 634, Public Acts of 1986. The Act provides that the statute becomes effective on July 1, 1986 and that it applies to any petition filed on or after that date. Therefore, in this case, the three-year period ended on June 27, 1986. As stated, the instant petition was filed August 14, 1986.

In the unreported opinion of *Bobby Silas Robinson v. State of Tennessee*, filed at Nashville on January 6, 1988, [available on

WESTLAW, 1988 WL 632], this Court determined the identical question with which we are confronted in the instant case; that is, when does the limitation period begin to run when the date of the final action of the highest State appellate court is before July 1, 1986, the effective date of T.C.A. § 40–30–102. In the *Robinson* case, this court, speaking through Judge Byers, said:

"We deem the relief available under the Post–Conviction Procedure Act to be an interest sufficient to be protected by the rules ordinarily applied to civil actions.

The general rule is stated in *Bradley v. LaPenna:*

There is no vested right in the statute of limitations in force when the cause of action accrues, and the period allowed for suit may be shortened provided a reasonable time is permitted to bring the action. It follows, manifestly, that an existing right of action cannot be taken away by legislation shortening the period of limitation to a time that has already run.

490 S.W.2d 500 (Tenn.1973) (quoting 51 Am.Jur.2d *Limitation of Actions,* § 38 (1970).

The requirements of reasonable notice has a constitutional origin in Tennessee case law. It appears to be required by the guarantee of due process and the prohibition on retrospective laws. *Morris v. Gross,* 572 S.W.2d 902 (1978); *Slover v. Union Bank,* 115 Tenn. 347, 89 S.W. 399 (1905).

The state concedes the *Bradley* rule governs, but insists the three and one-half month period between the 'promulgation' of the statute and its effective date provided reasonable notice to this petitioner. We do not agree that this time period or form of notice is adequate.

In *Redmon v. LeFevre,* 503 S.W.2d 97, 99 (Tenn.1973), the Court pointed out that the application of a shortened limitation period to summarily cut off existing causes is against almost unanimous authority. The opinion reiterated that a new and shorter limitation period may be applied to existing causes if the Legislature so intends—as it clearly intended in this case—only if reasonable notice is given. If the statute does not contain within itself a reasonable grace period for action on those causes, it is not necessary for the courts to invalidate the act or to create a reasonable grace period. The better construction is to apply the new limitation period to existing causes prospectively from the effective date of the statute if that would be reasonable. *See also Jones v. Coal Creek Mining and Mfg. Co.,* 133 Tenn. 159, 180 S.W. 179 (1915).

In the interest of fairness and judicial efficiency, we reject a case-by-case approach. Rather, following the *Redmon* case, we hold that as to post-conviction petitions that would have been summarily cut off on July 1, 1986, the limitation period began to run on that date. The petition in this case was timely filed within the three-year period, which we consider reasonable."

█ In deference to the trial court, we observe that the *Robinson* opinion was filed after His Honor's judgment. However, we hold that the petition was not barred by T.C.A. § 40–30–102.

█ The trial court also found that the petitioner had filed a previous post-conviction relief petition in which he did not assign the grounds assigned in the instant petition. The trial court therefore held that the grounds of the instant petition were waived. The State concedes, and we agree, that the previous petition sought post-conviction relief for two convictions for armed robbery, a conviction for grand larceny, and a conviction for attempt to commit a felony, all of which are different crimes and convictions from those attacked in the instant petition. No petition has been previously filed attacking the convictions involved in the instant case.

It results, that the judgment of the trial court is reversed and the case remanded for an evidentiary hearing.

DWYER and SCOTT, JJ., concur.