IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER SESSION, 1996

FILED

April 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JOSEPH VERES, | ) | C.C.A. NO. 01C01-9602-CC-00070 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | PUTNAM COUNTY |
| VS. | ) | |
| | ) | HON. LEON BURNS, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

DOUGLAS A. TRANT
900 S. Gay Street
Suite 1502
Knoxville, TN 37902

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

BILL GIBSON
District Attorney General

BEN FANN
Assistant District Attorney
145 S. Jefferson Avenue
Cookeville, TN 38501

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Joseph Veres appeals from the dismissal of his petition for post-conviction relief. On August 24, 1995, Appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel and several other constitutional violations. The post-conviction court dismissed his petition as time-barred. The issue before this Court is whether Appellant's petition is barred by the statute of limitations found in Tennessee Code Annotated Section 40-30-102 (1990) (Repealed). For the reasons stated below, we affirm the decision of the post-conviction court.

The dates relevant to this appeal are as follows. On January 24, 1984, Appellant was convicted of aggravated sexual battery and aggravated rape. On April 24, 1985, this Court affirmed Appellant's convictions. On July 15, 1985 the Tennessee Supreme Court denied Appellant's application for appeal. On July 1, 1986, the three year statute of limitations found in Tennessee Code Annotated Section 40-30-102 became effective. On July 1, 1989, Appellant's allowable time within which to file a petition for post-conviction relief expired.[1] Tennessee Code Annotated Section 40-30-101 et seq. was amended and codified as Tennessee Code Annotated Section 40-30-202 et seq. On May 10, 1995, the amended act became effective. On August 24, 1995, Appellant filed his petition for post-conviction relief.

---

[1] When the final action of the highest state appellate court falls on a date before July 1, 1986, the effective date of Tennessee Code Annotated Section 40-30-102, the limitation period begins to run on the effective date of the statute. See Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988); Smith v. State, 757 S.W.2d 683 (Tenn. Crim. App. 1988).

Appellant argues that even though his petition was filed beyond the three year statute of limitations found under the old Post-Conviction Procedure Act, his petition may be "revived" by filing it under the amended act. In support of his argument he cites Section 3 of Public Chapter 207, which is not codified but which is noted in the Compiler's Notes under Section 40-30-201 and provides: "[N]otwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen a petition under this act." We recognize that this Court has held that Section 3 creates a one-year window within which persons with previously time-barred petitions may seek relief under the new act. Carter v. State, No. 03C01-9509-CC-00270, 1996 WL 389243 (Tenn. Crim. App. July 11, 1996) (Welles, J., dissenting), perm. app. granted, (Tenn. Dec. 2, 1996). However, several of our decisions since then have followed Judge Welles' dissent. See, e.g., State v. Brummitt, 1997 WL 106679 (Tenn. Crim. App. Mar. 11, 1997); Carter v. State, 1997 WL 59422 (Tenn. Crim. App. Feb. 13, 1997); Pendleton v. State, 1997 WL 59501 (Tenn. Crim. App. Feb. 13, 1997); Blake v. State, 1997 WL 55939 (Tenn. Crim. App. Feb. 12, 1997); Tillman v. State, 1997 WL 55853 (Tenn. Crim. App. Feb. 12, 1997); Kimery v. State, 1997 WL 31143 (Tenn. Crim. App. Jan. 28, 1997); Koprowski v. State, 1997 WL 33638 (Tenn. Crim. App. Jan. 28,1997); Butler v. State, 1996 WL 691506 (Tenn. Crim. App. Dec. 2, 1996); Butler v. Bell, 1996 WL 667907 (Tenn. Crim. App. Nov, 19, 1996). We find that the better reasoned view is expressed in Judge Welles' dissent, concluding that petitions barred by the statute of limitations contained in the old Post-Conviction Procedure Act may not be "revived" by filing under the amended act. The clear intent of our legislature in

enacting the amended act was to put an end to multiple post-conviction appeals and to limit the time in which a single petition must be filed. Therefore, we affirm the judgment of the post-conviction court and hold that the petition for post-conviction relief filed by Appellant is barred by the applicable statute of limitations.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE