# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1997 SESSION

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **VICTOR REYNOLDS,** | ) | **NO. 02C01-9607-CR-00244** |
| | ) | |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **Hon. W. Fred Axley, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

| FOR THE APPELLANT: | FOR THE APPELLEE: |
|---|---|
| **VICTOR REYNOLDS,** *pro se* | **JOHN KNOX WALKUP** |
| Cold Creek Correctional Facility | Attorney General and Reporter |
| P.O. Box 1000 | |
| Henning, TN 38041-1000 | **GEORGIA BLYTHE FELNER** |
| | Assistant Attorney General |
| | 450 James Robertson Parkway |
| | Nashville, TN 37243-0493 |
| | |
| | **WILLIAM L. GIBBONS** |
| | District Attorney General |
| | |
| | **ALANDA HORNE** |
| | Assistant District Attorney General |
| | Criminal Justice Complex, Suite 301 |
| | 201 Poplar Avenue |
| | Memphis, TN 38103 |

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY,**
**JUDGE**

The petitioner, Victor Reynolds, appeals the order of the Criminal Court of Shelby County dismissing his petition for post-conviction relief. The trial court dismissed the petition without an evidentiary hearing on the basis that the petition was barred by the statute of limitations. Additionally, the trial court found that previous petitions for post-conviction relief had been filed and dismissed, and petitioner presented no new issues "which would be properly addressed" in a post-conviction petition. On appeal, petitioner presents the following issue for our review:

> "The Criminal Court violated petitioner's due process rights in dismissing the petition for post-conviction relief without an evidentiary hearing based on the statute of limitations where the petitioner has never had the opportunity to show that prior convictions used to determine his habitual criminal status are void because he was not aware of his right against self-incrimination when he pled guilty to the charges."

We affirm the judgment of the trial court.

Petitioner's claim is based on the alleged invalidity of two (2) 1976 guilty pleas which were subsequently used as grounds for an habitual criminal conviction. He argues that the guilty pleas are void, and as a result, the habitual criminal conviction based on the prior guilty pleas is void as well.

This issue has been previously determined on appeal. *See* Victor Reynolds v. State, C.C.A. No. 84 (Tenn. Crim. App. filed September 27, 1989, at Jackson). Petitioner may not again seek relief on this ground. *See* Tenn. Code Ann. § 40-30-206(h) (Supp. 1996).

Furthermore, post-conviction relief is barred by the statute of limitations. Petitioner complains of guilty pleas which were entered in 1976. The statute of limitations for post-conviction relief ran on July 1, 1989. Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988). There are no allegations in the petition or otherwise which would appropriately toll the statute. *See* Burford v. State, 845 S.W.2d 204 (Tenn. 1992); Tenn. Code Ann. § 40-30-202(b) (Supp. 1996).

Petitioner claims that the trial court erred in not conducting an evidentiary hearing on the petition. If it appears on the face of the petition, any exhibits or prior

proceedings in the case that the petition was not filed within the statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the trial court may summarily dismiss the petition. Tenn. Code Ann. § 40-30-206(b) (Supp. 1996).

The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____

**JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**JOE B. JONES, PRESIDING JUDGE**

_____

**DAVID H. WELLES, JUDGE**