IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

January 16, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CARLTON L. MAYO, | ) | NO. 01C01-9708-CC-00074 |
| | ) | |
| Appellant | ) | MONTGOMERY COUNTY |
| | ) | |
| V. | ) | HON. ROBERT W. WEDEMEYER |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FOR THE APPELLANT

Carlton L. Mayo, Pro Se
Reg. No. 14403-075 QTRL-B
P.O. Box 4000
Manchester, Kentucky 40962-4000

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter

Elizabeth B. Marney
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Arthur Bieber
Assistant District Attorney

John W. Carney
District Attorney General
204 Franklin Street
Suite 200
Clarksville, Tennessee 37040

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

William M. Barker, Judge

<u>Opinion</u>

The appellant, Carlton L. Mayo, appeals from the judgment of the Circuit Court of Montgomery County dismissing his petition for post-conviction relief without the appointment of counsel or an evidentiary hearing. Following our review of the record upon appeal, we affirm the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

On May 14, 1996, the appellant, proceeding *pro se*, filed an unsworn petition in the Montgomery County Circuit Court seeking post-conviction relief from two criminal convictions previously entered against the appellant as a result of his pleas of guilty.[1] Although the petition alleges that the appellant had served both of his sentences, he was nevertheless seeking relief from his state convictions for the reason that he had been convicted of drug-related offenses in federal court in 1993, and his state convictions were used to enhance his federal sentence. In his petition, the appellant alleges that his guilty pleas were not entered voluntarily and knowingly.

In response to the appellant's petition for post-conviction relief, the State filed a motion to dismiss contending that the applicable statute of limitation had expired. The trial court agreed and dismissed the appellant's petition.

On appeal, the appellant argues that the new Post-Conviction Procedure Act, which became effective May 10, 1995, provided the petitioner with a one-year window of opportunity from the effective date of the Act within which to file a petition seeking post-conviction relief notwithstanding the age of the convictions being collaterally attacked. <u>See</u> Compiler's Notes to Tenn. Code Ann. § 40-30-201 (1996 Supp.) referring to Acts 1995, ch. 207 §3. Indeed, a panel of this Court adopted the position now being argued on appeal by the appellant in the unreported opinion in <u>Arnold</u>

---

[1] The petition refers to the two previous convictions by docket numbers only. In the trial court's order dismissing the petition for post-conviction relief, the trial court indicated that the underlying convictions being attacked by the appellant were imposed in 1983 and 1984. In the briefs which the parties have filed in this Court, they agree that the appellant's pleas of guilty were to second degree burglary and possession of marijuana for resale.

Carter v. State, No. 03C01-9509-CC-00270 (Tenn. Crim. App., at Knoxville, July 11, 1996). However, our supreme court recently reversed this Court's holding in the Carter case. The unanimous court ruled that the new Post-Conviction Procedure Act did not provide a new opportunity for petitioners to file post-conviction proceedings in those cases where the statute of limitation had expired under the former Post-Conviction Procedure Act. Carter v. State, 952 S.W.2d 417 (Tenn. 1997). The convictions which the appellant seeks to collaterally attack in this petition occurred in 1983 and 1984. Shortly thereafter, our legislature enacted a three-year statute of limitation that was applicable to all petitions for post-conviction relief filed on or after July 1, 1986. Tenn. Code Ann. § 40-30-102 (1986 Supp.). The appellant's right to file for post-conviction relief would therefore have been barred on July 1, 1989. See Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Since the instant petition was filed May 14, 1996,[2] the trial court was correct in finding that the appellant's petition was barred by the applicable statute of limitation. Based upon the foregoing, we affirm the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
PAUL G. SUMMERS, JUDGE

_____

[2]In seeking to obtain a ruling that his petition was filed within one (1) year of the effective date of the new Post-Conviction Procedure Act, the appellant argues in his brief that he properly lodged his petition at the federal prison postal office on May 7, 1996, and therefore, we should consider the petition filed that date rather than May 14, 1996, when it was filed by the circuit court clerk. It is unnecessary that we make such a finding, having concluded that the petition was time-barred regardless of whether it was filed May 7, 1996, or May 14, 1996.