# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION



**FILED**

May 19, 1998

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **TERRY LYNN KING,** ) | No. 03C01-9705-CC-00179 |
| Appellant, ) | |
| ) | Grainger County |
| vs. ) | |
| ) | Honorable Rex Henry Ogle, Judge |
| **STATE OF TENNESSEE,** ) | |
| ) | (Post-Conviction) |
| Appellee. ) | |

FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
P. O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Bldg., Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

ALFRED C. SCHMUTZER, JR.
District Attorney General

RICHARD VANCE
Assistant District Attorney
339 A. Main St.
Newport, TN 37821

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The petitioner, Terry Lynn King, appeals as of right the trial court's dismissal of his petition for post-conviction relief.

The petitioner entered a plea of guilty to first degree murder and to aggravated kidnapping on May 3, 1984. He received a sentence of life and five years imprisonment. The petitioner filed a petition for post-conviction relief on October 11, 1988. He was denied relief, and the denial was affirmed by this Court on December 11, 1990. See King v. State, (1990 Tenn.Crim.App. LEXUS 817, filed December 11, 1990, at Knoxville).

This petition was filed on March 14, 1996. The trial court dismissed the petition without an evidentiary hearing.

We find that the petition is barred by the statute of limitations.

Prior to July 1, 1986, there was not a statute of limitations for post-conviction relief. That year, the legislature enacted T.C.A. §40-30-102, which provided for a three year statute. Thereafter, this Court held that all persons who had been convicted of crimes prior to July 1, 1986, had three years from that date within which to file a petition for post-conviction relief. See Abston v. State, 749 S.W.2d 487, 488 (Tenn.Crim.App. 1988). Because the petitioner's conviction predated the effective date of the Act, the petitioner had until July 1, 1989, to file. He timely filed a petition, and it was denied.

In 1995, the legislature reduced the statutory period for filing post-conviction petitions to one year. T.C.A. §40-30-202 (a). This Act became effective on May 10, 1995. The petitioner contends that under the new Act, he had one year within which to file another petition. This contention is not well taken. The new act does not revive claims that which were barred by the previous statute of limitations. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Furthermore, the petitioner does not allege facts which would allow him to file under T.C.A. §40-30-202 (b).[1]

_____

[1](b) No court shall have jurisdiction to consider a petition filed after such time unless: (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at

The judgment of the trial court is affirmed in accordance with Rule 20 Tennessee Court of Criminal Appeals.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE

---

the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.