# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION

FILED

May 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

THOMAS L. WALKER,          )
                           )          C.C.A. NO. 03C01-9612-CR-00482
          Appellant,       )
                           )          KNOX COUNTY
VS.                        )
                           )          HON. RAY L. JENKINS,
STATE OF TENNESSEE,        )          JUDGE
                           )
          Appellee.        )          (Post-Conviction)


FOR THE APPELLANT:                    FOR THE APPELLEE:


ROBERT R. CARL, II                    JOHN KNOX WALKUP
Vowell & Carl                         Attorney General & Reporter
6312 Kingston Pike, Suite 111
Knoxville, TN 37919                   SANDY C. PATRICK
          (On Appeal)                 Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
KEITH LEIBERMAN                       Nashville, TN  37243-0493
400 E. Caldwell Ave.
Knoxville, TN 37917
          (At Trial)                  RANDALL E. NICHOLS
                                      District Attorney General


                                      ZANE M. SCARLETT
                                      Asst. District Attorney General
                                      City-County Bldg.
                                      Knoxville, TN 37902



OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

In June 1985, the petitioner pled guilty to several burglary charges in Knox County. He did not seek direct review of his sentence. Six years later, in September 1991, he filed a pro se petition for post-conviction relief, alleging that his guilty pleas to the burglary charges were not voluntarily, intelligently, and knowingly entered. Over the next few years, a series of different attorneys, including the Knox County Public Defender, were appointed to the petitioner's case, but none filed any pleadings except motions to withdraw. Eventually, in November 1994, the trial court dismissed the petition for post-conviction relief without an evidentiary hearing. Two years later, the petitioner filed a motion with this Court seeking delayed appeal of the dismissal of his petition, which we granted. However, upon review of the record, we affirm the trial court's dismissal of his petition for post-conviction relief.

The petitioner pled guilty in 1985, prior to the July 1, 1986, effective date of T.C.A. § 40-30-102 (repealed and replaced by § 40-30-202 in 1995). As such, the petitioner had until July 1, 1989, to file a petition for post-conviction relief. Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). In this case, the petitioner filed his petition for post-conviction relief in September 1991, well after the statute of limitations had run. Thus, his petition was barred by the statute of limitations and therefore was properly dismissed.

On appeal, the petitioner urges that the statute of limitations should be tolled in his case because he was denied a reasonable opportunity to present his petition for post-conviction relief. See Burford v. State, 845 S.W.2d 204 (Tenn. 1992). As support for this argument, the petitioner contends that he first sought post-conviction relief in August 1985, but the District Attorney General's office "forced" him to withdraw this petition two years later by improperly threatening to prosecute him as a habitual criminal and seek an enhanced sentence. We reject this argument because none of

2

these factual allegations find support in the instant record.

The only allegations contained in the September 1991 petition, which is the only petition at issue in this appeal, concern whether the petitioner voluntarily, intelligently, and knowingly entered his guilty pleas in 1985. The petitioner has never alleged on the record in this case any entitlement to post-conviction relief on the basis that the District Attorney General's office "forced" him to withdraw a 1985 petition for post-conviction relief or that the District Attorney General's office otherwise acted improperly. Moreover, nothing in the record suggests that the petitioner should be afforded an exception to the statute of limitations under the standard enunciated in Burford. Even assuming that the District Attorney General "forced" the petitioner to withdraw a prior petition, nothing explains why the petitioner chose to wait several years---after the statute of limitations had already run---to file another petition. See Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994)(stating that "Burford cannot be invoked by a petitioner who has simply slept on his right to seek post-conviction relief"). Accordingly, on the basis of the record before us, we find that the petitioner untimely filed his petition for post-conviction relief, and as such, his petition was properly dismissed. The dismissal of the petition is affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
CORNELIA A. CLARK, Special Judge

3