# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION



FILED

May 20, 1998

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **BILLY EUGENE COOK,** ) | No. 03C01-9709-CR-00390 |
| Appellant, ) | |
| ) | Knox County |
| vs. ) | |
| ) | Honorable Mary Beth Leibowitz, |
| **STATE OF TENNESSEE,** ) | Judge |
| ) | |
| Appellee. ) | (Post-Conviction) |

FOR THE APPELLANT:

MARK E. STEPHENS
Public Defender

JULIA AUER
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Counsel for State
Cordell Hull Bldg., Second Floor
425 Fifth Avenue, North
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General

STEVE GARRETT
Assistant District Attorney
City-County Bldg.
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The petitioner, Billy Eugene Cook, appeals as of right the trial court's dismissal of his petition for post-conviction relief.

The petitioner entered guilty pleas on March 26, 1982, to burglary in the third degree (two cases) and grand larceny. He received concurrent sentences of three to ten years. The petitioner was later found to be an habitual criminal by the Davidson County Criminal Court and was sentenced to life imprisonment. These convictions were underlying convictions for the habitual criminal sentence. The petitioner filed this petition on June 30, 1989.[1] Following an evidentiary hearing held on May 1, 1997, the trial court dismissed the petition.

We affirm the judgment of the trial judge.

The petitioner alleges that he did not receive effective assistance of counsel when he pled guilty. Specifically, the petitioner contends that his trial counsel did not fully advise him about the Habitual Criminal Act. He claims that he pled guilty because he believed if he were found guilty, he could be declared to be a habitual criminal.

Prior to the acceptance of the guilty pleas, the district attorney general told the court in the presence of the petitioner that the petitioner was not subject to the Habitual Criminal Act. The trial court advised the petitioner that if he should commit another felony, he would be subject to being tried as an habitual criminal.

At the post-conviction hearing, the petitioner admitted that his trial counsel told him he did not think that the State could convict him as an habitual criminal. He then gave this testimony:

> Mr. Cook: But thinking is not for sure. So, I don't want to take a chance on a life sentence instead of the three to ten years sentence. I would rather had the three to ten years sentence than to take a chance on thinking you know. If he said, "Well, I know he can't convict you on a life sentence," I would have took it to trial.

> The Court: He did advise you, though, that he didn't think they

---

[1] The Post-Conviction Act came into effect on July 1, 1986. The petitioner had until July 1, 1989 to file this petition. Abston v. State, 749 S.W.2d 487, 488 (Tenn.Crim.App. 1988).

could convict you on an habitual criminal charge?

Mr. Cook:  He said he didn't think, but he wasn't for sure.

In the post-conviction proceeding, the trial judge found that the petitioner was fully advised of his rights and of the effect of the Habitual Criminal Act upon his conviction.  The trial judge further found that he entered his plea freely, voluntarily and knowingly, and that the advice given him by his trial counsel was not at fault.

"In post-conviction relief proceedings, the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn.Crim.App. 1983).  Furthermore, the factual findings of the trial court and hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn.Crim.App. 1983).  Post-conviction relief is available only when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of Tennessee or of the United States. Snead v. State, 942 S.W.2d 567, 568 (Tenn.Crim.App. 1996).

In the case at bar, the evidence supports the findings of the trial court. Furthermore, the petitioner has neither alleged nor proved the violation of any right guaranteed to him by the Constitution of the United States or of Tennessee.

We find that the appellant was not denied the effective assistance of counsel in regard to his pleas of guilty and that his pleas were voluntarily and knowingly entered.

The judgment of the trial court is affirmed in accordance with Rule 20, Tennessee Court of Criminal Appeals.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE