IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2000

## MILBURN L. EDWARDS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-18666      Arthur T. Bennett, Judge**

---

**No. W2000-00043-CCA-R3-PC  - Filed March 27, 2001**

---

In 1982, the Petitioner pled guilty in Shelby County to two counts of rape, three counts of robbery, one count of robbery with a deadly weapon, four counts of burglary, one count of attempted burglary, one count of first degree criminal sexual conduct, one count of assault with intent to commit criminal sexual conduct, and one count of a crime against nature.  The Petitioner received an effective sentence of ten years.  In 1991, the Petitioner was convicted in Davidson County of twenty-one counts of rape, one count of aggravated rape, two counts of first-degree burglary, one count of second-degree burglary, two counts of aggravated burglary, one count of robbery, and one count of assault with intent to commit rape.  In 1997, the Petitioner filed a post-conviction petition challenging his 1982 convictions and sentence.  Following an evidentiary hearing, the trial court concluded that the Petitioner's petition for post-conviction relief was barred by the statute of limitations. The Petitioner now appeals the trial court's ruling.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, Milburn L. Edwards.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; Lee Coffee, Assistant District Attorney General; and Steve Jones, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

On February 3, 1982, the Petitioner, Milburn L. Edwards, pled guilty in the Shelby County Criminal Court to two counts of rape, three counts of robbery, one count of robbery with a deadly weapon, four counts of burglary, one count of attempted burglary, one count of first degree criminal

sexual conduct, one count of assault with the intent to commit criminal sexual conduct, and one count of a crime against nature. The Petitioner received an effective sentence of ten years.

In December 1991, the Petitioner was convicted in the Davidson County Criminal Court of twenty-one counts of rape, one count of aggravated rape, two counts of first-degree burglary, one count of second-degree burglary, two counts of aggravated burglary, one count of robbery, and one count of assault with intent to commit rape. The trial court sentenced him to life plus 415 years. On direct appeal, this Court affirmed the convictions, but modified the sentence to life plus 195 years. See State v. Edwards, 868 S.W.2d 682, 705 (Tenn. Crim. App. 1993). The Tennessee Supreme Court subsequently denied permission to appeal. See id. at 682.

On June 23, 1997, the Petitioner filed a petition for post-conviction relief in Shelby County attacking his 1982 convictions and sentence. The trial court conducted a post-conviction hearing on February 12, 1999. At the conclusion of the hearing, the trial court determined that the statute of limitations barred the Petitioner's post-conviction petition and therefore denied relief. The Petitioner now appeals the trial court's ruling. The sole issue presented for our review is whether the statute of limitations bars the Petitioner's petition for post-conviction relief. We affirm the judgment of the trial court.

At the post-conviction hearing, the Petitioner testified that he recalled pleading guilty to the Shelby County charges on February 3, 1982. The Petitioner claimed that shortly after entering his guilty pleas, on February 12 or February 13, 1982, he filed a petition for post-conviction relief. He reported that the State filed a response to his petition, which he received in March 1982. In support of his claims, the Petitioner produced a hand-written copy of his petition, but stated that he did not possess a copy of the filed petition. He also produced what he claimed to be the State's response to his petition. However, the document was not signed by the Assistant Attorney General who purportedly drafted the document, its "Certificate of Service" was not completed or signed, and it was not stamped "filed." The Petitioner stated that to his knowledge, no ruling was made regarding his petition.

The Petitioner further testified that in May 1991, he filed "a motion for new trial in the interest of justice" in Shelby County. The Petitioner testified that he did not request a new trial in the motion. Instead, he explained, he filed the motion after he received notice from the State that the State intended to use his 1982 convictions to enhance his sentence for the Davidson County convictions. He testified that he filed the motion to attack the guilty pleas he entered in 1982. The Petitioner stated that he did not receive notice from the clerk's office that the motion had been filed, but he reported that the State filed a response to his motion on July 15, 1991.

At the conclusion of the hearing, the trial court determined that the Petitioner's petition for post-conviction relief was barred by the statute of limitations and therefore denied relief. In its written order denying relief, the trial court found that the Petitioner "failed to establish that there had been a Petition for Post-Conviction Relief prior to June 23, 1997."

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Id. § 40-30-210(f). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Jahiel Fields v. State, No. E1999-00915-SC-R11-PC, 2001 WL 166380, at * 4 (Tenn., Feb. 20, 2001) (citing Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997)). A post-conviction court's conclusions of law, such as whether counsel's performance was deficient or whether that deficiency was prejudicial, are subject to a purely *de novo* review by this Court, with no presumption of correctness. Id. at *5.

At the time of the Petitioner's convictions in 1982, a prisoner could petition for post-conviction relief at any time after appellate remedies had been exhausted or before the sentence had expired. See Tenn. Code Ann. § 40-30-102 (1982) (amended 1986). In 1986, the legislature established a three-year statute of limitations applicable to post-conviction petitions. See Tenn. Code Ann. § 40-30-102 (1986) (repealed 1995). The three years began to run on "the date of the final action of the highest state appellate court to which an appeal [was] taken." Id. The three-year statute of limitations became effective on July 1, 1986 and applied to any petition filed on or after that date. Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See Tenn. Code Ann. § 40-30-202(a) (1997). In this case, because the Petitioner's convictions occurred in 1982, the statute of limitations applicable to those convictions would have begun to run on July 1, 1986 and would have expired on July 1, 1989.

The Petitioner argues that he should be granted the opportunity to demonstrate that he delivered his 1982 pro se post-conviction petition to appropriate prison officials for mailing within the statute of limitations.[1] To support this argument, he cites two cases in which prisoners were afforded such an opportunity: Lakeith O. Lightfoot v. State, No. 02C01-9703-CR-00129, 1998 WL 64005 (Tenn. Crim. App., Jackson, Feb. 18, 1998), and Karl Hamilton v. State, No. W1999-01793-CCA-R3-PC, 2000 WL 72043 (Tenn. Crim. App., Jackson, Jan. 25, 2000). However, these cases are distinguishable from the case at bar. In Lightfoot, the prisoner demonstrated that his pro se post-conviction petition was executed five days prior to expiration of the applicable statute of limitations in Lake County, where the prisoner was incarcerated, and that it was filed one day past expiration of the statute of limitations by the criminal court clerk in Shelby County. See Lakeith O. Lightfoot, 1998 WL 64005, at *2. In Hamilton, the petition for post-conviction relief included a notary acknowledgment showing that the petition was executed and sworn in the county in which the prisoner was incarcerated seven days prior to expiration of the statute of limitations. See Karl Hamilton, 2000 WL 72043, at *1. It also included a certificate of service affirming that a copy of

_____

[1] Rule 28 of the Tennessee Rules of the Supreme Court provides that "[a] post-conviction petition filed by a pro se petitioner who is incarcerated is filed when it is received by the appropriate prison authorities for mailing." Tenn. R. Sup. Ct. 28, § 2(G).

the petition was mailed to the appropriate court seven days prior to expiration of the statute of limitations. See id.

In the present case, aside from a hand-written draft of a petition for post-conviction relief and an unsigned response to the petition from the State bearing an incomplete, undated certificate of service, the Petitioner has presented no evidence to support his claim that he filed a petition for post-conviction relief in 1982. We therefore do not believe that the evidence presented at the post-conviction hearing preponderates against the trial court's finding that the Petitioner failed to show he filed a post-conviction petition prior to his 1997 petition. Because the statute of limitations applicable to the Petitioner's case expired in 1989, we conclude that the Petitioner's present petition for post-conviction relief is time-barred.

Nevertheless, in Burford v. State, 845 S.W.2d 204 (Tenn. 1992), the Tennessee Supreme Court recognized that "in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise . . . after the point at which the limitations period would normally have begun to run." Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995); see Burford, 845 S.W.2d at 208. Therefore, the supreme court developed a three-part test to determine whether strict application of the post-conviction statute of limitations violates a petitioner's due process rights: To make such a determination, a court must

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. [2]

Applying this test to the case at hand, we first note that the limitations period began to run in 1986, at the time the Post-Conviction Procedure Act was amended to include a three-year statute of limitations. See Abston, 749 S.W.2d at 488. Next, we conclude from our review of the record that none of the grounds for post-conviction relief presented by the Petitioner arose after the limitations period would have normally commenced. The grounds presented in the Petitioner's pro se petition were as follows: (1) the Petitioner's guilty plea was involuntarily entered without understanding the nature and consequences of the plea; (2) the Petitioner's guilty plea was unlawfully induced; (3) the trial court failed to inform the Petitioner of the privilege against self-incrimination and his right to confront his accusers; (4) ineffective assistance of counsel; and (5) suppression of exculpatory evidence by the State. Having concluded that the grounds presented here are not "later-arising," we need not address the third prong of the test. Thus, we conclude that

---

[2] We note that under the new Post-Conviction Procedure Act, which took effect in 1995, exceptions to the statute of limitations are explicitly set forth. See Tenn. Code Ann. § 40-30-202(b); Eliseo Hernandez v. State, No. C01-9805-CR-00228, 1998 WL 881865, at *1 (Tenn. Crim. App., Nashville, Dec. 18, 1998).

-4-

application of the post-conviction statute of limitations in this case does not violate the Petitioner's due process rights.

Accordingly, we AFFIRM the trial court's decision that the Petitioner's petition for post-conviction relief is barred by the statute of limitations.

_____
ROBERT W. WEDEMEYER, JUDGE