# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1996 SESSION



**FILED**

**March 24, 2008**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **WALLACE BUTLER,** | ) | |
| | ) | **C.C.A. NO. 02C01-9510-CC-00297** |
| Appellant, | ) | |
| | ) | **FAYETTE COUNTY** |
| VS. | ) | |
| | ) | **HON. JON KERRY BLACKWOOD,** |
| **RICKY BELL, WARDEN,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus/Post-Conviction) |

FOR THE APPELLANT:　　　　　　　FOR THE APPELLEE:

**GARY ANTRICAN**
Public Defender

**SHANA McCOY-JOHNSON**
Asst. Public Defender
118 East Market St.
Somerville, TN 38068-0700

**CHARLES W. BURSON**
Attorney General & Reporter

**MARY ANNE QUEEN**
Legal Assistant
　　　　-and-
**ELLEN H. POLLACK**
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General
302 Market St.
Somerville, TN 38068-1600

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was convicted by a jury of five counts of armed robbery, four of which were affirmed and one of which was reversed and dismissed by this Court in an opinion filed on March 6, 1985. Application for permission to appeal to the Supreme Court was denied on June 10, 1985. The petitioner subsequently filed a petition for writ of habeas corpus on May 24, 1995, which the court below treated as one for post-conviction relief and dismissed without a hearing on the basis that it was time-barred. He contends that this summary dismissal was improper. After reviewing the record, we affirm the lower court's judgment.

The petition in this case was filed in Fayette County, Tennessee, the county in which the petitioner was originally convicted. His petition shows that he is presently incarcerated in Davidson County, Tennessee. The only allegation contained in the petition is that the trial court erred in allowing certain witnesses to testify on behalf of the State at trial. A petition for habeas corpus must be filed in the county which is the most convenient in point of distance to the applicant unless a sufficient reason be given in the petition for not applying to such court. T.C.A. § 29-21-105 (1980). The petition was not filed in Davidson County nor was there any allegation as to why it was not filed in said county. Also, relief in habeas corpus proceedings is available only if the judgment attacked is void upon its face or the record, or if the defendant's sentence of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In this case, the petitioner has failed to allege any matter that would make his judgment void. We conclude that the trial judge properly considered the petition as one for post-conviction relief rather than habeas corpus. T.C.A. § 40-30-205(c) (1996 Supp).

2

Finding that the trial judge properly considered the petitioner's petition as one for post-conviction relief, we now look to determine if the trial judge properly applied the statute of limitations. The petitioner's conviction became final on June 10, 1985, the date permission to appeal was denied by our Supreme Court. Shortly thereafter, our legislature enacted a three year statute of limitations that was applicable to all petitions for post-conviction relief filed on or after July 1, 1986. T.C.A. § 40-30-102 (1986 Supp.). The petitioner's right to file for post-conviction relief would therefore have been barred on July 1, 1989. See Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The instant petition was filed on May 24, 1995.

We acknowledge that this petition falls within the purview of the new Post-Conviction Procedure Act, T.C.A. § 40-30-201 et seq. (1996 Supp), which applies to all post-conviction petitions filed after May 10, 1995. See 1995 Tenn. Pub. Act 207, § 3. This new Act provides, in pertinent part, that "[n]otwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part." Compiler's Notes to T.C.A. § 40-30-201 (1996 Supp) referring to Acts 1995, ch. 207, § 3. And we realize that another panel of this Court has held, with one member dissenting, that the new Post-Conviction Procedure Act provides "a one-year window" in which every defendant may file a petition. Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App. filed July 11, 1996, at Knoxville). That case holds that the one-year window is available even if the petition would have been barred by the three year statute provided under the previous act.

However, we adopt the view set forth in Judge Welles' dissent, concluding that

> this language is only applicable to those who were not barred by the statute of limitations at the time this statute went into effect. Thus, if less than three years had already passed at the bill's enactment, a defendant assuming that he had three years in which to file a petition for post-conviction relief would not be foreclosed from bringing a suit; instead, he would still have the one year from the effective date of the statute.

Like Judge Welles, we do not believe that the new Act provides to those defendants previously barred a new one year period in which to petition for post-conviction relief. At most, it provides those barred an opportunity to reopen a prior petition within one year of the new Act's effective date. T.C.A. § 40-30-217 (1996 Supp). The allegations under review do not meet the criteria of this section.

The instant petition is barred by the three year statute of limitations applicable under the prior Act. Therefore, the action of the trial court in dismissing the petition was appropriate and we accordingly affirm the judgment below.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
DAVID G. HAYES, Judge

4