**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1998**

FILED

December 1, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **TERRY NICHOLS,** | ) | **C.C.A. NO. 03C01-9803-CR-00106** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **JOHNSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LYNN W. BROWN** |
| **HOWARD CARLTON,** | ) | **JUDGE** |
| **WARDEN,** | ) | |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF JOHNSON COUNTY**

FOR THE APPELLANT:

TERRY NICHOLS
Pro Se
N.E.C.C.
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

DAVID CROCKETT
District Attorney General
Route 19, Box 99
Johnson City, TN 37601

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Terry Nichols, appeals the trial court's dismissal of his petition for habeas corpus relief. Defendant filed his petition with the Criminal Court for Johnson County on December 1, 1997, and he filed an amended petition on January 1, 1998. The petition alleges primarily ineffective assistance of counsel at his trial for aggravated rape in 1980. The trial court dismissed his petition on January 18, 1998 for failure to state a claim upon which relief can be granted. We agree that the petition must be dismissed, and we therefore affirm the decision of the trial court.

As the State asserts, the remedy of habeas corpus in Tennessee is limited in nature and in scope. Our supreme court has explained, "[a]s late as 1963, we recognized that habeas corpus proceedings were collateral attacks upon a court's judgment and that such challenges 'cannot prevail unless such judgment is void.'" Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993) (quoting State ex. rel Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963)). Claims of ineffective assistance of counsel, such as those alleged in Defendant's petition, may render a judgment voidable, not void; and as such are improper grounds for a petition for habeas corpus relief. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In Archer, the court again quoted Holbrook to define precisely which cases, if meritorious, render the conviction void as opposed to voidable. Archer, 851 S.W.2d at 162. The court stated,

"Upon a collateral attack on a judgment of a court of general jurisdiction . . . , such judgment is presumed to be in all respects regular and valid, unless the record affirmatively shows that the court rendering the judgment lacked jurisdiction of the subject matter or of the person . . . ."

Id. (quoting Holbrook, 364 S.W.2d at 889). "Habeas corpus relief is available in Tennessee only when [it appears] that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Id. at 164. We do not have such a case before us. Defendant does not raise any claims that can be construed as challenges to jurisdiction over either his case or his person, and he does not claim to have satisfied his sentence.

Although a petition for habeas corpus may be treated as a petition for post-conviction relief under appropriate circumstances, we need not do so in this case because (1) the appropriate court for a post-conviction petition is the court in which the conviction occurred, Tenn. Code Ann. § 40-30-204(a); (2) Defendant has previously filed a post-conviction petition in the Criminal Court for Shelby County, see id. § 40-30-202(c) (contemplating the filing of only one such petition); and (3) the limitations period for filing a post-conviction petition in this case has now expired.[1]

---

[1] It appears from Defendant's petition that this Court affirmed his conviction on December 11, 1980. Defendant filed no application for permission to appeal to the Supreme Court of Tennessee. Because the statute of limitations required Defendant to file any post-conviction petition within three years of enactment of Tennessee Code Annotated § 40-30-102, which occurred on July 1, 1986, his time has expired. See Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988).

Based upon a thorough reading of the record, the briefs of both parties, and the law governing the issues presented for review, we affirm the trial court's dismissal of Defendant's petition for habeas corpus relief.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE