# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## OCTOBER SESSION, 1997

FILED

March 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STEVE WALLACE, | ) | C.C.A. NO. 03C01-9608-CC-00312 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | BRADLEY COUNTY |
| VS. | ) | |
| | ) | HON. MAYO L. MASHBURN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction Relief) |

FOR THE APPELLANT:

STEVE WALLACE Pro Se
M.C.R.C.F.
P. O. Box 2000
Wartburg, TN 37887-2000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

JERRY ESTES
District Attorney General

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

On July 18, 1975, Appellant Steve Wallace pleaded guilty in the Bradley County Criminal Court to second degree murder. He was sentenced to 150 years incarceration in the Tennessee Department of Correction. In this appeal, Appellant presents the following issue for review: whether the trial court erred in dismissing Appellant's petition for post-conviction relief.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Prior to the adoption of the recent Post-Conviction Procedure Act, petitions like the present one had to be filed within three years of the date of the effective date of Tenn. Code Ann. § 40-30-102 (1995, Repl.); State v. Abston, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Accordingly, Appellant's statute of limitations for the filing of a petition for post-conviction relief began to run on July 1, 1986 and expired three years later on June 30, 1989. However, the new Post-Conviction Procedure Act, which took effect on May 10, 1995, subsequently shortened the three-year statute of limitations to one year. Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). In Carter v. State, the Tennessee Supreme Court held that the new Post-Conviction Procedure Act of 1995 does not afford petitioners for whom the statute of limitations expired prior to May 10, 1995--the effective date of the new Act--an additional year in which to file new petitions for post-conviction relief. 952 S.W.2d 417, 418 (Tenn. 1997). Thus, the trial court properly dismissed Appellant's May 9, 1996 petition as being barred by the statute of limitations.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.


                                  _____

                                    JERRY L. SMITH JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID H. WELLES, JUDGE