## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY, 1998 SESSION

**FILED**

**April 1, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JASON L. JENNINGS,** | ) | No. 01C01-9703-CR-00106 |
| | ) | |
| Appellant, | ) | |
| | ) | Davidson County |
| vs. | ) | |
| | ) | Honorable  J.  Randall  Wyatt,  Judge |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

W. RAY CULP
439 Battle Ave.
Franklin, TN 37064

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON, III
District Attorney General

KATRIN NOWAK MILLER
TOM THURMAN
Assistant District Attorney Generals
Washington Square, Suite 500
222 2nd Ave. N.
Nashville, TN 37201-1649

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

Jason L. Jennings, the petitioner, appeals pursuant to Rule 3 of the Tennessee Rules of Criminal Procedure from the trial court's dismissal of his petition for post-conviction relief. He contends that the application of the statute of limitations as found in Tennessee Code Annotated section 40-30-202 violates Article 1, Section 20 of the Tennessee Constitution. The petitioner also contends that the trial court erred in finding that his attorney had provided effective assistance of counsel and that he knowingly and voluntarily entered his guilty plea.[1]

For those whose convictions were final prior to May 10, 1995, the last date for filing a petition for post-conviction relief was May 10, 1996. Tenn. Code Ann. § 40-30-201 (1997), compiler's notes. The petitioner's judgment became final on June 16, 1994 and he filed his petition on May 14, 1996, four days after the time had run. He argues that he was deprived of a reasonable opportunity to bring his petition because he lacked actual notice of the change in the statute and that the new statute impermissibly impaired the plea agreement which formed the basis of his guilty pleas.

A new or amended statute of limitations applies to existing causes so long as the parties are afforded a reasonable opportunity to bring suit after the effective date of the new statute. Pacific E. Corp. v. Gulf Life Holding Co., 902 S.W.2d 946, 956 (Tenn. 1995); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). In this instance, the legislature provided a one-year grace period. See Tenn. Code Ann. § 40-30-201, compiler's notes. The Post-Conviction Procedure Act is a creature of the state legislature, and the petitioner has no constitutional right to any specific period in which to bring cases under the act. See Abston v. State, 749 S.W.2d at 488; James Leon Crowder v. State, No. 01C01-9005-CR-00129, slip

---

[1] The state did not raise the statute of limitations question until the conclusion of the evidentiary hearing. Although the trial court ultimately found that the petition was untimely, the trial court found that the petition failed on its merits as well.

op. at 2 (Tenn. Crim. App., Nashville, Dec. 20, 1990). Nothing in the petitioner's argument convinces us that one year is not a reasonable period of time in which to file a suit or that he could not have filed his petition prior to May 10, 1996. In State v. David F. Kimberly, No. 01C01-9408-CC-00298 (Tenn. Crim. App., Nashville, Mar. 10, 1995), perm. app. denied (Tenn. 1995), this court addressed a similar argument in relation to the earlier statute of limitations. See Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). In that case, this court found that "[a]ny claim of a right to notice of the enactment of this particular limitations period is satisfied by the prospective application of the statute to existing causes of action." Kimberly, slip op. at 4. The new statutory period which became effective as of May 10, 1995 is applied prospectively. Therefore, the petitioner had sufficient notice and a reasonable period of time in which to file his petition.

The petitioner also contends that the application of the one-year statute of limitations in his case is violative of Article 1, Section 20 of the Tennessee Constitution which provides "[t]hat no retrospective law, or law impairing the obligations of contracts, shall be made." Although plea agreements are contracts that may be judicially enforced, State v. Howington, 907 S.W.2d 403, 407 (Tenn. 1995), the petitioner cites no legal authority to support his contention that a given statutory limitation period for filing a post-conviction petition is part of a plea agreement. This court will treat as waived issues which are unsupported by argument, citation to authorities or appropriate references. Tenn. Ct. Crim. App. R. 10(b).

The petitioner filed his petition for post-conviction relief four days after the statutory period expired. The petitioner has not demonstrated that any of the exceptions to the one-year statute of limitations found in subsection (b) are applicable. See Tenn. Code Ann. § 40-30-202(b). Therefore, the trial court did not err in finding that the petition was barred by the statute of limitations.

Although the trial court recognized that the statute had run, the court

3

also denied relief on the merits.    In post-conviction proceedings, the petitioner has the burden of proving the grounds raised in the petition by a clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).   In this instance, the trial court found that petitioner's counsel was "an experienced and highly competent attorney whose representation was well within the range of competence demanded of attorneys in criminal cases" and that when the petitioner entered his guilty pleas, "he was doing it of his own voluntary decision." We have reviewed the record on appeal and the applicable law.  In this instance, the petitioner has not carried his burden. The evidence in the record is more than sufficient to support the conclusions of the trial court.

The trial court did not err in denying the petitioner's requested post-conviction relief.  We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

CONCUR:


_____
GARY R. WADE,  Judge


_____
WILLIAM M. BARKER, Judge