IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 10, 2001

## JAMES ROBERT WHITWORTH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P23635     James C. Beasley, Jr., Judge**

_____

**No. W2000-02000-CCA-R3-PC - Filed February 6, 2001**

_____

The petitioner, who is currently in the custody of the Mississippi Department of Corrections, entered pleas of guilty in 1974 in the Shelby County Criminal Court to the offenses of assault and battery with intent to rape and attempt to commit a felony, to wit: crime against nature. In 2000, he filed a petition to vacate and set aside these sentences, claiming that his pleas of guilty were not voluntary, that his counsel had been ineffective, and that he was innocent of the charges. The post-conviction court dismissed the petition as untimely, the statute of limitations having expired before it was filed; and the petitioner timely appealed. Based upon our review, we affirm the order of the post-conviction court dismissing the petition as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

James Robert Whitworth, Parchman, Mississippi, Pro Se.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paula H. Wulff, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, James Robert Whitworth, who is currently in the custody of the Mississippi Department of Corrections, collaterally attacked his 1974 pleas of guilty in the Shelby County Criminal Court to assault and battery with the intent to commit rape and to attempt to commit a felony, to wit: crime against nature, receiving concurrent sentences of three years for the assault and battery and not less than one nor more than three years for the attempt to commit a felony. Without a hearing, the post-conviction court dismissed his petition styled "Petition to Vacate and Set Aside Conviction," his pleading referring to the 1995 Post-Conviction Procedure Act as the basis for the post-conviction court's having jurisdiction of the matter. The single issue on appeal is whether the

post-conviction court was correct in concluding that the petition was barred by the one-year statute of limitations. Tenn. Code Ann. § 40-30-202(a). Based upon our review, we affirm the order of the post-conviction court dismissing the petition as time-barred.

The record shows that the petitioner, on November 26, 1974, entered pleas of guilty to attempt to commit a felony, to wit: crime against nature and to assault and battery with intent to rape. On July 6, 2000, he filed his post-conviction petition with the Shelby County Criminal Court. The petitioner asked that both convictions be vacated because the pleas of guilty were "entered unknowingly, involuntarily and without the intellect [sic] as set forth in Boykin v. Alabama" and because the pleas resulted from ineffective assistance of counsel. Additionally, the petitioner claimed that he is innocent of the charges. The post-conviction court dismissed the petition without an evidentiary hearing, holding that "[t]he Statute of Limitations is one year and it has expired." The petitioner then timely appealed from that holding.

During the twenty-six years between the petitioner's pleas of guilty and his seeking post-conviction relief, several post-conviction statutes were enacted and later replaced by subsequent statutes, as explained by Seals v. State, 23 S.W.2d 272, 275-76 (Tenn. 2000). The Post-Conviction Procedure Act of 1967 did not include a statute of limitations for seeking relief, allowing a petition to be filed "at any time after [a petitioner] ha[d] exhausted his appellate remedies and before the sentence ha[d] expired or ha[d] been fully satisfied." Tenn. Code Ann § 40-30-102 (1982) (repealed 1986). However, the 1986 Post-Conviction Act established a three-year statute of limitations:

> [a] prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995).

Our supreme court explained, in Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), the impact of the statutory limitations period upon the petitioner in the instant case:

> With respect to the first step in the analysis, we note that at the time of Sands' conviction there was no limitation as to when a petitioner could file a post-conviction petition. However, in 1986 the legislature enacted § 40-30-102, which became effective on July 1, 1986.[1] Furthermore, the Court of Criminal Appeals held in *Abston v. State*, 749 S.W.2d 487 (Tenn. Crim. App. 1988) that § 40-30-102 was to be applied prospectively, with the result being that all claims arising before July 1, 1983, could be judicially reviewed if filed

---

[1]Tenn. Pub. Acts 1986 ch. 634, § 1.

-2-

before July 1, 1989. Therefore, pursuant to § 40-30-102 and the *Abston* rule, the limitations period in this case began to run on July 1, 1986.

Thus, the statute of limitations for the seeking of post-conviction relief as to the petitioner's sentences began to run on July 1, 1986, and expired on July 1, 1989. Even if the current post-conviction relief act, enacted in 1995, applied, the petitioner's claims would still be stale, for Tennessee Code Annotated Section 40-30-202(a) requires that post-conviction relief petitions are untimely unless they are filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Since the statute of limitations applicable to the petitioner's post-conviction claims had expired before the enactment of the 1995 Post-Conviction Procedure Act, that subsequent act did not give him an additional time within which to file such claims. See Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997). The two exceptions to the current statute of limitations, the exceptions codified at Tenn. Code Ann. § 40-30-202(b) and (c), do not resurrect the petitioner's claims. Subsection (b) allows such claims when (1) a constitutional right has been established which was not recognized at the time of trial and is given retroactive application, (2) new scientific evidence establishes that the petitioner is actually innocent, or (3) a sentence is enhanced based upon a prior sentence not resulting from a guilty plea, with the prior sentence held to be invalid. Subsection (c) allows the reopening of a post-conviction proceeding under limited circumstances. Although the petitioner claims that he is "actually innocent" of the charges to which he entered pleas of guilty, this naked allegation does not benefit his petition, for it is not based upon "new scientific evidence," as required by Tennessee Code Annotated Section 40-30-202(b)(2). Thus, these exceptions do not apply to the claims made by the petitioner. Accordingly, we agree with the post-conviction court that the instant petition was untimely. We cannot consider the petitioner's pleadings as a petition for writ of habeas corpus because neither the face of the judgments nor the record of the proceedings make it appear that the convicting court was without jurisdiction to sentence the petitioner or that his sentence has expired. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). Thus, we affirm the order of the post-conviction court dismissing the petition.

_____
ALAN E. GLENN, JUDGE