Timothy L. DULSWORTH, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 20, 1994.

No Permission to Appeal Applied for to the Supreme Court.

Comer L. Donnell, Public Defender, Lebanon, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Eugene J. Honea, Asst. Atty. Gen., Nashville, Tom P. Thompson, Dist. Atty. Gen., John D. Wootten, Jr., Asst. Dist. Atty. Gen., Hartsville, for appellee.

### OPINION

PEAY, Judge.

On June 30, 1987, the petitioner was convicted of armed robbery and assault with intent to commit first degree murder. He was sentenced to concurrent life terms as a Range II offender. Due to his prior convictions, he was found to be a persistent offender. The judgment forms further reflect that he was also designated as an especially aggravated offender. The petitioner filed a post-conviction petition attacking his enhanced sentence and his assault conviction. A hearing was held, and the trial court dismissed the petition. He now appeals this dismissal.

In his pro se petition for post-conviction relief the petitioner first alleges that his Range II, persistent and especially aggravated offender sentence for armed robbery is "constitutionally infirm." In this issue he contends, and the State admits, that prior convictions which were used to classify him as a persistent offender have now been set aside as constitutionally infirm. The State argues that this issue concerns a sentencing review and cannot be raised in a post-conviction proceeding. The State relies on a recent opinion of this Court that denies review of a sentence in post-conviction proceedings.[1] That opinion, however, does not deal with the issue concerning an enhanced punishment based on constitutionally infirm prior convictions.

This issue is apparently one of first impression in this state. We find no cases directly on point. Our Supreme Court has held that a petitioner is entitled to attack his habitual criminal sentence in post-conviction proceedings where the predicate offenses have been set aside. See State v. Prince, 781 S.W.2d 846, 851 (Tenn.1989). This Court has recently indicated that it would be inappropriate to continue the validity of a sentence in an enhanced range based upon a prior conviction which has been vacated on appeal. State v. Cornelious Edmond Kendricks, Jr., No. 03C01–9109–CR–00276, Hamilton County (Tenn.Crim.App. filed August 31, 1992, at Knoxville). Where a defendant is sentenced to an enhanced range which is founded on constitutionally infirm convictions, we now hold that he or she may, in a post-conviction

---

1. *Terry S. Kimery v. State,* 1991 WL 229002, No. 03C01–9105–CR–00148, Greene County (Tenn.  Crim.App. filed November 8, 1991, at Knoxville).

proceeding, attack the enhanced sentence range as voidable pursuant to T.C.A. § 40–30–105.

■ Within this issue the petitioner also contends that his sentencing as an especially aggravated offender was improper. He specifically alleges that the reference to an "especially aggravated offense" was mistakenly included in the judgment forms. In the alternative he contends that serious bodily injury was an element of both convicted offenses and, therefore, could not properly be used to enhance the range. The State counters that this issue was not raised in the petition or on direct appeal and that even if properly raised, it is without merit since serious bodily injury was not an element of either offense.

■ We agree with the State that the petitioner's status as an especially aggravated offender was not prohibited in these convictions. The petitioner was charged with assault with intent to commit first degree murder. The victim suffered serious bodily injury. Serious bodily injury is not a statutory element of either assault with intent to commit murder or armed robbery. However, our review of the record makes it clear that this case is not in a proper posture for a complete review of the petitioner's first issue. These deficiencies will be set out hereinafter in this opinion.

■ In the petitioner's second issue he contends that his convictions for armed robbery and assault with intent to commit first degree murder violate constitutional prohibitions against double jeopardy. Again, the State contends that this issue has been waived by failure to raise it on direct appeal and that the petition for post-conviction relief fails to explain the petitioner's failure to raise this issue. The State further asserts that this issue is, nevertheless, without merit.

In determining if dual convictions from one criminal episode violate principles of double jeopardy, our Supreme Court has established certain guidelines. *State v. Black*, 524 S.W.2d 913 (Tenn.1975). In *Black* the Court said that "[e]ach case requires close and careful analysis of the offenses involved, the statutory definitions of the crimes, the legislative intent and the particular facts and circumstances." *Black*, 524 S.W.2d at 919.

Both the petitioner and the State rely on *Black*. We hold that the petitioner's reliance is misplaced. As in *Black*, the defendant was convicted of armed robbery and assault with intent to commit murder. Furthermore, as in *Black*, we find that there were two separate and distinct offenses, even though they occurred at substantially the same time and in the course of a single criminal episode. The offenses have different elements and require different proof. This issue is without merit, even if properly presented.

In the petitioner's third issue he contends that the trial court erred in failing to resentence the defendant when it held that the sentencing court found the petitioner to be an especially aggravated offender only as to the armed robbery conviction. The petitioner argues that since the trial judge found that he was not an especially aggravated offender as to the assault charge, he should have been resentenced on that offense. The State again asserts that this issue has been waived. As in the petitioner's first issue, we hold that this issue is not in a proper posture for appellate review.

For proper appellate review of a post-conviction proceeding, certain statutory requirements must have been complied with at the trial level. This proceeding has been pregnant with deficiencies since its inception. The petitioner's original petition was never amended by counsel to *briefly* and *clearly* state an abridgment of a right guaranteed by the Tennessee Constitution or the United States Constitution in the conviction or sentencing process. *See* T.C.A. §§ 40–30–104(a), 40–30–105. Also, the petition did not state whether the grounds have been previously presented to any court and, if not, why not. *See* T.C.A. § 40–30–104(a)(10). Furthermore, the State never filed a responsive pleading as required by T.C.A. § 40–30–114(a). *See Allen v. State*, 854 S.W.2d 873, 874 (Tenn.1993). A responsive pleading is necessary to properly assert defenses and

focus the issues. Finally, the trial judge failed to make the required findings of fact and conclusions of law with regard to each ground presented. *See* T.C.A. § 40–30–118(b).

In conclusion, we find the petitioner's second issue to be wholly without merit, but, as to the first and third issues, we remand this petition for a rehearing in conformity with this opinion.

TIPTON, J., and WILLIAM S. RUSSELL, Special Judge, concur.