IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 7, 2001

## MARVIN MATTHEWS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. P-11481, P-14645, P-14646, P-14647      Carolyn Wade Blackett, Judge**

———————

**No. W1999-00833-CCA-R3-PC  - Filed April 17, 2001**

———————

The petitioner, Marvin Matthews, appeals the trial court's dismissal of his petition for post-conviction relief.  Because the petition is barred by the statute of limitations, among other reasons, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for the appellant, Marvin Matthews.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; and Rhea Clift, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 13, 1988, the petitioner was convicted of grand larceny.  Because the petitioner had 13 prior convictions for, among other things, forgery, grand larceny, attempted third degree burglary, escape, receiving stolen property, third degree burglary, and second degree burglary, he was declared a habitual criminal and received a life sentence.  See Tenn. Code Ann. § 39-1-806 (repealed 1989).  On January 17, 1990, this court affirmed the judgment of the trial court.  Marvin Anthony Matthews v. State, No. 16 (Tenn. Crim. App., at Jackson, Jan. 17, 1990).  Application for permission to appeal to our supreme court was denied on May 14, 1990.

Later, the petitioner filed a petition for post-conviction relief attacking his 13 prior convictions, contending that all had been based upon guilty pleas prior to which he had not been advised of his right against self-incrimination.  The trial court denied relief.  In his appeal, the petitioner conceded that he had knowingly and voluntarily entered his pleas of guilt, after being warned of his right against self-incrimination, for his five prior convictions entered in November of

1970, April of 1984, and August of 1984. Because the petitioner had not been warned of his right against self-incrimination in the eight other guilty pleas, however, those convictions were set aside. Marvin A. Matthews v. State, No. 02C01-9204-CR-00091 (Tenn. Crim. App., at Jackson, Feb. 24, 1993). Application for permission to appeal was denied June 3, 1993.

On April 10, 1995,[1] the petitioner filed a petition for post-conviction relief challenging the validity of the five convictions that had been upheld in his prior post-conviction proceeding. The petitioner, among other things, alleged that he should not be required to serve a life sentence as a habitual criminal when some of his prior convictions, upon which his enhanced sentence had been based, had been set aside.

The trial court denied relief, holding that the petitioner cannot attack his habitual criminal status so long as the requisite number of predicate offenses remain valid. See State v. Prince, 781 S.W.2d 846 (Tenn. 1989). While the trial court acknowledged that the petitioner would have been entitled to relief had a sufficient number of prior offenses been set aside, it ruled that the five remaining offenses were sufficient to support his classification as a habitual criminal. See Dulsworth v. State, 881 S.W.2d 275, 276 (Tenn. Crim. App. 1994). It also rejected a claim by the petitioner that his lack of consultation with his post-conviction counsel in the decision to challenge only eight of his prior 13 offenses in the earlier appeal served as an excuse. The trial court reasoned that a claim of ineffective assistance in a previous post-conviction proceeding was not a basis for relief in a subsequent post-conviction proceeding. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995). Finally, it concluded that the petition attacking those convictions was barred by the statute of limitations contained in Tenn. Code Ann. § 40-30-102 (repealed 1995):

> A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.[2]

Moreover, the trial court concluded that the petitioner was not entitled to any of the exceptions to the statute of limitations provided in Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

In this appeal, the petitioner argues that the trial court committed constitutional error by applying the statute of limitations to bar his claims. He submits that under Article 1, § 8, of the Tennessee Constitution, which provides that no one shall be imprisoned but by the "law of the land," due process principles bar application of the statute of limitations. The petitioner argues that he did not have an opportunity to be heard due to the failure of his first post-conviction counsel to challenge his five remaining convictions.

---

[1] The petition does not bear a filing date. On April 10, 1995, the clerk acknowledged the filing of a motion for the state to file a response. It is our inference that the motion was a part of the original petition.

[2] The current statute of limitations, Tenn. Code Ann. § 40-30-202, became effective May 10, 1995.

The grand larceny conviction, for which he received a sentence enhanced to a life term for habitual criminality, was final in 1990. By our calculations, the petitioner did not timely attack the grand larceny conviction under the former three-year statute of limitation. As to his prior five felonies, any collateral attack would have been barred by 1995 under the same statute. Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988). The petitioner has raised no grounds upon which to toll the statute. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995). Moreover, in the petition which resulted in the reversal of eight of his 13 prior felony offenses, the petitioner, through counsel, acknowledged that five of the pleas had been "knowingly entered since the trial courts did, in fact, advise him of his right against self-incrimination." Marvin A. Matthews, slip op. at 2. That not only served as a previous determination of the ground but also as a waiver. In House, our supreme court held as follows:

> [T]he rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally and therefore, "knowingly and understandingly," waive a ground for relief. [Instead], waiver is to be determined by an objective standard under which petitioner is bound by the action or inaction of his attorney. [Finally], there is no right to effective assistance of counsel in post-conviction proceedings, [and therefore] an allegation of ineffective assistance of prior post-conviction counsel does not preclude application of the defenses of waiver and previous determination.

House, 911 S.W.2d at 706 (emphasis added).

Our courts have consistently held that even when prior convictions are set aside, a post-conviction petitioner is not entitled to relief from habitual criminality if three or more qualifying convictions remain. Sherman McDowell v. State, No. 02C01-9409-CR-00196 (Tenn. Crim. App., at Jackson, Apr. 26, 1995); Matlock v. State, No. 5 (Tenn. Crim. App., at Jackson, Oct. 4, 1989). Here, the petitioner has five such predicate offenses. This principle of law would also bar relief.

Finally, the petitioner was not denied due process of the law. See McCleskey v. Zant, 499 U.S. 467 (1991). In Seals v. State, 23 S.W.3d 272 (Tenn. 2000), our supreme court considered due process principles in the context of a post-conviction claim. By the standards established in that case, it is our conclusion that (1) an interest in collaterally attacking a conviction is not a fundamental right; (2) that the petitioner has had a reasonable opportunity under the established procedure to present his challenge; and (3) that the state would be unduly burdened by any extension of time within which to allow this claim. See Seals, 23 S.W.3d at 277-79.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-3-