# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs June 12, 2012

## TIMOTHY L. DULWORTH v. HENRY STEWARD, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 11CR9683    R. Lee Moore, Jr., Judge**

_____

**No. W2012-00314-CCA-R3-HC  -  Filed July 9, 2012**

_____

The Petitioner, Timothy L. Dulworth, appeals the Lake County Circuit Court's dismissal of his petition seeking a writ of habeas corpus. The Petitioner contends that his convictions are void. Upon a review of the record in this case, we conclude that the habeas court properly denied the petition for habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Timothy L. Dulworth,  Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

A Macon County jury convicted the Petitioner of armed robbery and assault with intent to commit first degree murder. He was sentenced to concurrent life terms as a Range II offender with 173 days of pre-trial jail credit. The Petitioner successfully challenged an enhanced punishment based on constitutionally infirm prior convictions. *Dulsworth v. State*, 881 S.W.2d 275 (Tenn. Crim. App. 1994). Upon review, this Court remanded the case to the trial court for resentencing. *Id.* On remand, the trial court

resentenced the Petitioner to serve twelve years for the armed robbery conviction and twenty-five years for the assault with intent to commit first degree murder conviction. The trial court ordered these sentences to be served consecutively. The judgment orders, dated June 6, 1994, are silent concerning pre-trial jail credits.

In January 2012, the Petitioner filed, in Lake County, the habeas corpus petition that is the subject of this appeal. The Petitioner challenged his 1994 judgments as void because the trial court failed to provide for pre-trial jail credits in the amended judgment orders. The habeas corpus court dismissed the petition, finding that the Petitioner was not entitled to relief on the merits.

## II. Analysis

On appeal, the Petitioner maintains that his judgments are void because the trial court failed to provide pre-trial jail credits as required by Tennessee Code Annotated section 40-23-101 (c) (2006). The State counters that the Petitioner's first sentence has expired and, therefore, is not the proper subject of habeas corpus relief. As to the second sentence, the State responds that pre-trial jail credits should not be applied to both consecutive sentences. The State avers that the appropriate jail credits were applied to the Petitioner's twelve-year sentence for armed robbery, and the same jail credits are not applicable to the Petitioner's consecutive sentence of twenty-five years for the assault with intent to commit first degree murder conviction. Therefore, the State argues, the habeas court's dismissal of the Petitioner's petition was not in error. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Tennessee Code Annotated section 40-23-101(c) provides that the trial court

"shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial." Due to this statutory mandate for the trial court to credit a defendant with pretrial jail time, the failure to do so creates an illegal sentence which is a cognizable claim for habeas corpus relief. *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009).

We conclude that the Petitioner's pretrial jail credits were correctly applied to his first sentence and properly omitted from the consecutive sentence. The first sentence was the twelve-year sentence for the Petitioner's armed robbery conviction. The Petitioner began service of this sentence in January 1987. This sentence has been fully served and is now expired. Because the Petitioner is no longer restrained for his armed robbery conviction, he is not entitled to habeas corpus relief on that judgment. *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2003) (holding "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement").

We next address the application of pre-trial jail credit to the Petitioner's consecutive twenty-five year sentence for the assault with intent to commit first degree murder conviction. "A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence." *Marvin Rainer v. David G. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App., at Jackson, Jan. 20, 2006), *no Tenn. R. App. P. 11 application filed*; *see also State v. Darrell Phillips*, No. W2005-00154-CCA-R3-CD, 2005 WL 3447706, at *1 n.1 (Tenn. Crim. App., at Jackson, Dec. 16, 2005), *perm. app. denied* (Tenn. May 1, 2006); *State v. Hobert Dean Davis*, No. E2000-02879-CCA-R3-CD, 2002 WL 340597, at *3 (Tenn. Crim. App., at Knoxville, Mar.4, 2002), *no Tenn. R. App. P. 11 application filed*. The effect of consecutive awards of the full amount of pretrial jail credit would be to double the credit. *State v. Joyce Elizabeth Cleveland*, No. M2005-02783-CCA-R3-CD, 2006 WL 2682821, at *2 (Tenn. Crim. App., at Nashville, Sept. 14, 2006), *no Tenn. R. App. P. 11 application filed*. "An inmate may not 'double-dip' for credits from a period of continuous confinement." *Rainer*, 2006 WL 156990, at *5. Thus, the Petitioner is not entitled to pre-trial jail credit on his consecutive sentence for the assault with the intent to commit first degree murder conviction.

The Petitioner has not satisfied his burden of showing by a preponderance of the evidence that the convictions are void or that the prison term for assault with intent to commit first degree murder has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). As such, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the petition lacks merit.  As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE