IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2005

## JAMES YATES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 5022     Joseph H. Walker, Judge**

_____

**No. W2005-01047-CCA-R3-HC  - Filed October 25, 2005**

_____

The Defendant, James Yates, filed a pro se pleading seeking to have a conviction and sentence set aside as unconstitutional.  The trial court treated the pleading as seeking a writ of habeas corpus and summarily denied the Defendant's claim for relief.  The Defendant now appeals as of right.  We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

James Yates, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        The record before us is very sparse and does not include a copy of the judgment from which the Defendant is seeking habeas corpus relief.  By reviewing prior decisions of this Court, we have gleaned that the Defendant, James Yates, was convicted by a jury in 1985 or 1986[1] of open rebellion, two counts of aggravated assault, and one count of simple assault.  See State v. Tony Willis, C.C.A. No. 3, 1987 WL 5547, at *1 n. 1 (Tenn. Crim. App., Jackson, Jan. 21, 1987).  The Defendant was sentenced to life imprisonment for the open rebellion offense and concurrent sentences of nine years for the aggravated assault offenses and eleven months twenty-nine days for the simple assault

_____

[1]The only reference to the date of trial is contained in the Defendant's "Final Brief" in which he states that he was sentenced on these convictions on February 7, 1986.

offense. See id. at *1. The Defendant's convictions and sentences were affirmed on direct appeal. See id. at *6.

In 1997,[2] the Defendant filed for a writ of habeas corpus as to his open rebellion conviction and sentence alleging that (1) his confinement constituted ex post facto punishment; (2) his life sentence violated equal protection; (3) incarceration denied him due process of law; and (4) his life sentence constituted cruel and unusual punishment. See James Yates v. Sundquist, No. 01C01-9707-CC-00299, 1998 WL 29920, at *1 (Tenn. Crim. App., Nashville, June 9, 1998). The trial court dismissed the Defendant's petition without a hearing and the Defendant appealed. This Court affirmed the trial court's ruling. See id. at *2.

On March 18, 2005, the Defendant filed pro se a pleading styled "Yates Sentence Is Void And Illegal Because It Is In Direct Contravention Of The United States Constitution Of America." In this pleading, the Defendant claims that his conviction for open rebellion is "void" on the bases that (1) his life sentence violates the United States Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), and (2) the legislation defining the crime of open rebellion has since been repealed and/or he should have been sentenced under the Criminal Sentencing Reform Act of 1989 to a term of no more than thirty years. The trial court interpreted the Defendant's pleading as a petition for writ of habeas corpus and dismissed it summarily on the ground that it did not set forth a cognizable claim for habeas corpus relief. The trial court further determined that, if the pleading was interpreted as a claim for post-conviction relief, the statute of limitations had expired and the trial court therefore lacked jurisdiction. The Defendant now appeals from the trial court's summary dismissal of his pleading.

Initially, we note that the Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. Art. I, § 15; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However,

> The grounds upon which habeas corpus relief will be granted are narrow. The petition must show that the judgment is "void" and not merely "voidable."
> The burden of proof that the judgment is "void," rather than "voidable," rests with the petitioner. That burden entails showing that the jurisdictional defect appears in the record of the original trial, thereby creating a void judgment. In other words, "[t]he writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." . . . Accordingly, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing.

---

[2] We draw the inference that the Defendant filed his petition for writ of habeas corpus in 1997 from the fact that the trial court entered an order summarily dismissing same on June 23, 1997. See James Yates v. Sundquist, No. 01C01-9707-CC-00299, 1998 WL 29920, at *1 (Tenn. Crim. App., Nashville, June 9, 1998)

McLaney v. Bell, 59 S.W.3d 90, 92-3 (Tenn. 2001) (citations and footnotes omitted). A sentence imposed in direct contravention of a statute in existence at the time the sentence is imposed is illegal. See Taylor, 995 S.W.2d at 84-5. An illegal sentence creates a void judgment mandating habeas corpus relief. See McLaney, 59 S.W.3d at 92.

In this case, the trial court summarily dismissed the Defendant's claim for relief. We find no error by the trial court in its ruling. The Defendant's sentence has not expired. Therefore, he is not entitled to habeas corpus relief on that basis. Nor does it appear on the face of the record before us that the trial court was without jurisdiction to sentence the Defendant. Finally, there is nothing on the face of the record before us that indicates that the Defendant's sentence was imposed in direct contravention of any statute then in existence. Accordingly, the trial court's summary dismissal of the Defendant's pleading was proper.

We note that the Defendant previously raised his claims as to the constitutionality of his open rebellion conviction and sentence in his direct appeal from the denial of his prior petition for habeas corpus relief. See Yates v. Sundquist, supra. This Court affirmed the trial court's summary dismissal of that petition on the basis that the grounds alleged did not state a cognizable claim for habeas corpus relief. See id. at *2. Principles of res judicata require that these issues not be relitigated. See John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO, 2002 WL 1400051, at *3 (Tenn. Crim. App., Nashville, June 28, 2002). As to the Defendant's new claims under Blakely, they likewise do not entitle him to habeas corpus relief. See Stanley Harvell v. Glen Turner, No. W2004-02643-CCA-R3-HC, 2005 WL 839891, at *2 (Tenn. Crim. App., Jackson, April 12, 2005). Moreover, Blakely issues are not subject to retroactive application. See State v. Gomez, 163 S.W.3d 632, 651 n. 16 (Tenn. 2005).

Interpreting the Defendant's pleading as a petition for post-conviction relief avails the Defendant no benefit because the statute of limitations for filing a post-conviction claim on the Defendant's conviction of open rebellion has long since passed. See Tenn. Code Ann. § 40-30-102 (Supp. 1986) (repealed 1995); Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988).

The Defendant not being entitled to habeas corpus or post-conviction relief, the judgment of the trial court is affirmed.

_____

DAVID H. WELLES, JUDGE