# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### FEBRUARY 1999 SESSION



**FILED**

May 6, 1999

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **PHILLIP WAYNE KELLEY,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9804-CC-00156 |
| | ) | |
| vs. | ) | Giles County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Hon. Robert L. Jones, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

**JOEY PENROD (at hearing and on appeal)**
Assistant District Public Defender
809 S. Main St., Ste. 200
Columbia, TN 38401

**C. MICHAEL ROBBINS (on appeal)**
Attorney at Law
46 N. Third St., Ste. 719
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIM BEHAN**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**MIKE BOTTOMS**
District Attorney General

**ROBERT C. SANDERS**
Asst. District Attomey General
P. O. Box 1619
Columbia, TN 38401

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The petitioner, Phillip Wayne Kelley, appeals from the trial court's dismissal of his claim for post-conviction relief. Kelley is presently serving three consecutive life terms plus 25 years in the Department of Correction for his convictions of three counts of first degree murder and one count of assault with intent to commit murder. State v. Kelley, 683 S.W.2d 1, 2 (Tenn. Crim. App. 1984). The trial court dismissed his post-conviction petition as untimely and substantively without merit, and Kelley appeals from that determination. Following a review of the record, the briefs of the parties, and the applicable law, we affirm the lower court's dismissal.

The petitioner's conviction became final following the Tennessee Supreme Court's denial of permissive appeal on December 17, 1984. See id. at 1. On September 11, 1985, Kelley filed a motion with the trial court clerk to obtain his trial transcript. By letter dated September 17, 1985, the trial court clerk advised the petitioner that the original transcript had been filed with the court of criminal appeals. The court clerk suggested that the petitioner contact his trial attorney about obtaining a copy of the transcript.

Thereafter, according to the petitioner's testimony, he contacted his trial attorney. The attorney indicated he would provide the transcript upon a family member's execution of "something" the petitioner did not identify. The petitioner further testified that his mother was the only family member he had, and she was without transportation to his attorney's office.

On July 28, 1991, the petitioner filed a letter again seeking a copy of the transcript and alleging that he was seeking post-conviction relief. It appears that this petition was amended through counsel on January 23, 1998.

2

Kelley's statute of limitations period commenced on July 1, 1986 and expired three years later. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). Kelley claims his 1985 motion requesting a copy of the transcript tolled the statute of limitations. That motion did not contain any allegations constituting a basis for post-conviction relief. Kelley testified that the purpose of the motion was to get the transcript so that he could get some help, presumably from someone in prison, in filing a post-conviction petition. He admitted that he knew that what he filed was not a post-conviction petition. Under these circumstances, the trial court correctly determined that no timely post-conviction action had been commenced. Accord Jackie R. Reynolds v. State, No. 328 (Tenn. Crim. App., Knoxville, May 9, 1991).

The remaining question raised by the petitioner is whether the application of the post-conviction statute of limitations deprived him of due process. In this regard, Kelley relies on Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) and Sands v. State, 903 S.W.2d 297, 298 (Tenn. 1995). In Burford, our supreme court recognized that "under the circumstances of a particular case, application of the statute [of limitations] may not afford a reasonable opportunity to have the claimed issue heard and decided." Burford, 845 S.W.2d at 208. Burford was a unique case in which the petitioner was caught in a procedural trap in which he first had to successfully challenge convictions in a post-conviction proceeding in one county in order to have a justiciable claim for relief in post-conviction proceedings in another county. Id. He was caught in a quandary because the approach of the statute of limitations applicable to the latter claim was looming prior to a determination of the former claim. Id. The supreme court found the application of the statute of limitations to the latter claim violative of due process in that limited circumstance and allowed the Burford petitioner to maintain his claim notwithstanding the statute of limitations. See id. at 209-10.

3

Similarly, in Sands, the petitioner alleged that the jury instructions used in his 1977 trial were found unconstitutional by the United States Supreme Court in 1979. Sands, 903 S.W.2d at 298. Sands initiated his post-conviction claim in 1990,[1] well outside the three year statute of limitations. See id. In passing on the claim, the supreme court concluded that the basic rule of Burford was that "due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise . . . after the point at which the limitations period would normally have begun to run." Id. at 301.

In the case before the court, the petitioner concedes that his claim is not later arising such that a strict reading of Burford and Sands would provide relief from the statute of limitations. He argues, however, that due process principles should be more broadly applied than a narrow reading of Burford and Sands would allow. To that end, he urges that the relevant inquiry should be whether the petitioner, through no fault of his own, has been unable to comply with the statute of limitations.

The weakness of this argument is that this court has narrowly applied the principles of Burford and Sands. We have rejected claims that a petitioner's ignorance of the statute of limitations should toll its application. See, e.g., Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). Likewise, we have said that illiteracy is not a basis for tolling. See, e.g., Bernard Nelson v. State, No. 01C01-9212-CC-00375, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 18, 1993). We have held that lack of access to legal materials due to out-of-state incarceration and even reliance on erroneous legal advice does not toll the statute. Sands, 903

---

[1]Sands had filed two earlier post-conviction actions.

S.W.2d at 300-01; see also State v. Phillips, 904 S.W.2d 123, 123-24 (Tenn. Crim. App. 1995) (reliance on legal advice). Most damning for the petitioner at bar, however, is our ruling that a petitioner's inability to obtain his trial transcript does not toll the statute of limitations. State v. Jimmy Sills, No. 03C01-9410-CR-00370, slip op. at 6 (Tenn. Crim. App., Knoxville, May 10, 1995), perm. app. denied (Tenn. 1995).

Thus, we find no due process deprivation on the facts of this case. The judgment of the trial court is therefore affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE